An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 24-762

Filed 18 June 2025

Guilford County, Nos. 22CRS067207-400, 22CRS028200-400

STATE OF NORTH CAROLINA

v.

RUSSELL ALEXANDER JOHNSON, Defendant.

Appeal by defendant from judgment entered 26 September 2023 by Judge Tonia A. Cutchin in Guilford County Superior Court. Heard in the Court of Appeals 10 April 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Micah C. Deveaux, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Katy Dickinson-Schultz, for defendant.*

DILLON, Chief Judge.

Defendant Russell Johnson was convicted of possession of stolen goods and attaining habitual felon status. On appeal, Defendant contends the trial court committed structural error by not allowing him to represent himself.

I.    Background

On 12 February 2022, Defendant was arrested when he was found in possession of a vehicle that had been reported stolen. The following year, in February 2023, Defendant was served with a habitual felon indictment.

Prior to trial, Defendant's appointed counsel requested for the court to appoint new counsel due to a breakdown in communication. The court allowed Defendant to be heard, and Defendant denied that he was making any motion to discharge counsel. Defendant agreed, however, that there was a breakdown in communication and stated he had only met with his attorney once through a video call. Defendant additionally claimed his attorney never responded to his emails and he could not afford to call his attorney. Ultimately, though, Defendant requested to represent himself.

The trial court denied Defendant's request to discharge his attorney for failure to complete the N.C.G.S. § 15A-1242 colloquy. The court reasoned that Defendant failed to give a good cause and Defendant questioned whether or not there may be some outside influence impairing Defendant's ability to represent himself.

At the beginning of the trial, Defendant requested a bench trial, waiving his right to a jury trial. After going through the colloquy, the trial court found Defendant voluntarily and intelligently waived his right to a jury trial. The court found Defendant guilty of the charges of possession of stolen goods and of attaining habitual felon status.

## II.    Analysis

Defendant contends the trial court committed structural error by denying Defendant's request to represent himself.

We review de novo whether a trial court conducted an adequate inquiry under N.C.G.S. § 15A-1242. *State v. Frederick*, 222 N.C. App. 576, 581 (2012). The standard of review for alleged violations of constitutional and statutory rights is also de novo. *State v. Graham*, 200 N.C. App. 204, 214 (2009).

A criminal defendant's right to counsel is safeguarded by the Sixth and Fourteenth Amendments to the United States Constitution, as well as Article I, Section 23 of the North Carolina Constitution. This right to counsel also includes an implicit right to proceed *pro se*. *State v. Thacker*, 301 N.C. 348, 354 (1980). Indeed, our Supreme Court has held that a "defendant in a criminal proceeding has a right to handle his own case without interference by, or the assistance of, counsel forced upon him against his wishes." *State v. Mems*, 281 N.C. 658, 670-71 (1972).

However, "[i]n order to preserve both the right to counsel and the right to self-representation, a trial court must proceed with care in evaluating a defendant's expressed desire to forgo the representation of counsel and conduct his own defense." *State v. Wheeler*, 202 N.C. App. 61, 67, (2010). Thus, if a defendant wishes to waive his right to representation by counsel, the trial court must ensure that the constitutional and statutory standards are satisfied before granting the defendant's request. *State v. Thomas*, 331 N.C. 671, 673 (1992).

"First, waiver of the right to counsel and election to proceed *pro se* must be expressed 'clearly and unequivocally.'" *Id.* Since the right to counsel is fundamental, absent an express indication of such an intention, we should not presume such a right is waived. *State v. Hutchins*, 303 N.C. 321, 339 (1981). When a defendant requests to represent himself, the trial court must determine "whether the defendant knowingly, intelligently, and voluntarily" waived his right to counsel to satisfy constitutional standards. *Thomas*, 331 N.C. at 674. Our Supreme Court has held that conducting a thorough inquiry under N.C.G.S. § 15A-1242 satisfies these constitutional standards. *Id.*

Section 15A-1242 of our General Statutes states that

> A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:
>
> (1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;
>
> (2) Understands and appreciates the consequences of this decision; and
>
> (3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

N.C.G.S. § 15A-1242 (2023).

On appeal, Defendant argues that he clearly and unequivocally requested to represent himself and the trial court failed to conduct a thorough inquiry. The conversation between the trial court and Defendant went as follows:

> [Defendant]: . . . I believe that the ineffective assistance of counsel that I have been provided . . . has led me to feel that I'm probably better off representing myself . . . .
>
> The Court: Do you want another attorney, or do you want to represent yourself?
>
> [Defendant]: I want to represent myself, Your Honor.
>
> The Court: . . . And you're sure that's what you want to do?
>
> [Defendant]: That's what I said.
>
> . . .
>
> [Defendant]: I would like to represent myself.
>
> The Court: . . . That's your unequivocal decision; is that correct?
>
> [Defendant]: That's what I said.
>
> The Court: All right. Are you able to hear and understand me?
>
> [Defendant]: (indiscernible)
>
> The Court: Are you now under the influence of any alcohol, narcotics, drugs, or any other pills or substances?
>
> [Defendant]: Only prescriptions that I take are for pain and for -- well, I take -- I take Prozac, I take Tylenol, and I take high blood pressure medication.
>
> . . .
>
> The Court: Tylenol and the blood pressure medicine, they

don't affect your ability to think clearly; is that correct?

[Defendant]: I'm – I'm not a doctor.

The Court: Well, are you --

[Defendant]: So I can't --

The Court: -- thinking clearly at this time?

[Defendant]: I feel like I am.

. . .

The Court: Okay.  What is the highest grade you completed in high school?

[Defendant]: I would say the ninth or the tenth grade.  I went back and got my GED after I dropped out.

The Court: So you can read and write on some level; is that correct?

[Defendant]: To a certain extent . . .

. . .

[Defendant]: I'm still learning.

The Court:  Okay,  But you --

[Defendant]: I'm forty-three --

The Court: -- can read --

[Defendant]: -- years old.

The Court: -- and write?

[Defendant]: That's -- well, let's put it this way.  My hand is, you know, hurting, but I'm pretty sure that I can try to write as best as I possibly can.

The Court: Okay.  Do you suffer from any physical or

mental issues that may impair you or affect your ability to represent yourself?

[Defendant]: I mean, I'm limited by the policies of the Guilford County Sheriff's Office.

The Court: That's not what I asked you.

. . .

[Defendant]: What did you ask me again?

The Court: I asked you if you suffer – you suffer from any physical or mental issues that may impair your ability to represent yourself.

[Defendant]: And I was trying to explain to you one of the physical ways that I'm hindered from actually, you know, adequately representing myself or preparing a defense for myself. Because those are physical limitations as well.

During the discussion with the trial court, Defendant failed to provide any clear answers as to his mental state, physical state, and education level. After asking Defendant a list of questions to determine if he was able to represent himself *pro se*, the trial court found that Defendant did not knowingly, intelligently, or voluntarily waive his right to representation. The trial court explained that Defendant's answers were "circular and not definitive," and "it became apparent that Defendant . . . did not understand the Court['s] questions."

Based on the questions asked by the trial court, and the answers provided by Defendant, we hold the trial court engaged in a complete analysis to determine whether Defendant was able to represent himself *pro se* and correctly determined Defendant did not knowingly, intelligently, and voluntarily waive his right to

representation.

AFFIRMED.

Judges TYSON and GORE concur.

Report per Rule 30(e).